# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANTHONY ALLEN OLIVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV411-115 |
| | ) | |
| SOUTHCOAST MEDICAL GROUP, | ) | |
| LLC, a Georgia Corporation; and | ) | |
| DR. AMANDA H. HENDRICKS, | ) | |
| an individual; DR. KEITH SIEBERT, | ) | |
| an individual, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Anthony Allen Oliver brings this medical

malpractice and civil rights case, on his minor daughter's behalf, against

Georgia doctors and their medical group's LLC. Doc. 1 at 2-3.[1]  He

---

[1] A California resident, Oliver alleges that the mother of his Georgia-domiciled daughter, Destiny Crystal Field, brought Destiny to see doctor Amanda Hendricks of the Southcoast Medical Group. Doc. 1 at 5. Destiny suffered diabetes-based symptoms, but Hendricks was slow to diagnose what Destiny ultimately was revealed to have: Diabetes Type 1. *Id.* at 6-7. Though Oliver is vague about it, somehow defendant Dr. Keith Seibert also mistreated Destiny. *Id.* at 2 (alleging he worked with "to fabricate false and corrupt evidence and to cover up evidence that displayed the presence of Medical Malpractice by both Doctors. . . ."); *id.* at 14 (conclusory, medical malpractice allegation). He apparently sues Southcoast Medical Group, LLC, which is evidently the doctors' employing entity, under a *respondeat superior* theory. Doc. 1 at 3-4. All of the defendants are based in the Savannah, Georgia area.

moves the Court for leave to file his case without paying its $350 filing fee. Doc. 2. The Court **GRANTS** his motion because he declares under penalty of perjury that he is unemployed, has no income other than public assistance benefits, and has no assets or savings. *Id.* at 1-5. The Court is thus satisfied that he cannot, because of his poverty, afford to pay the filing fee. 28 U.S.C. § 1915(a)(1); *see Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948).

Oliver is from California, his daughter lives in Georgia, *see supra* n. 1; *see also* doc. 2 at 3 ¶ 7, and he pleads both federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 & 1332. Doc. 1 at 4-5. Even assuming jurisdiction exists,[2] this case nevertheless must be

---

[2] "Since the subject matter jurisdiction of the federal court is involved, the issue of a party's citizenship may be raised at any time, by any party or the court itself. Fed. R. Civ. P. 12(h)(3)." *Ewert v. Holzer Clinic, Inc.*, 2010 WL 3063226 at * 3 (S.D. Ohio Aug. 3, 2010); *see also id.* ("The state citizenship of an individual, for the purpose of resolving Section 1332(a) diversity questions, is equated with the individual's domicile."). The effect of a minor's domicile on jurisdiction can be a complicated question. *See generally* 13E WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 3615 (2011) (noting diverging judicial rulings basing minor's domicile on father, versus mother, custody, etc.). But it is not necessary to resolve that issue because, as will be explained below, Destiny is not even before this Court. The same would be said even had Oliver pled some sort of federal question jurisdiction. He alleges only that defendants violated Destiny's constitutional rights, doc. 1 at 4, and thus implicitly invokes 42 U.S.C. § 1983, yet he pleads no state action -- an indispensable element. *See, e.g.*, *Bannum, Inc. v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990); *Peterson v. Ramirez*, 2011 WL 2161911 at * 1 (11th Cir. Jun. 2, 2011).

dismissed on legal incapacity grounds.[3]  Rule 17(a)(1) of the Federal Rules of Civil Procedure requires that "[a]n action must be prosecuted in the name of the real party in interest." *Id.*  Rule 17(c)(1) authorizes specific representatives to "sue or defend on behalf of a minor or an incompetent person," and under Rule 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*. . . ." *Id.*[4]

"Although a person who brings an action as a next friend on behalf of an infant generally need not obtain prior authorization from the court to do so, the court must determine whether the person seeking to represent the child is a proper or suitable person to make a claim on behalf of the child." 43 C.J.S. INFANTS § 327 (2011).  "To maintain suit in federal court, a child or mental incompetent must be represented by a competent adult." *Id.* (citing *T.W. by Enk,* 124 F.3d at 895); *see also*

---

[3] Federal courts may dismiss an IFP complaint if they are satisfied that the action is frivolous or malicious, 28 U.S.C. § 1915(e)(2)(B)(i), or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

[4] "As used in rule 17(c), the terms 'next friend' and 'guardian ad litem' are essentially interchangeable, but 'next friend' is normally used when the child is the plaintiff, and 'guardian ad litem' when the child is the defendant. *T.W. by Enk v. Brophy*, 124 F.3d 893, 895 (7th Cir .1997)." *Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 516 n. 35 (D. Neb. 2007).

O.C.G.A. § 29-2-20(a)(1) ("In every guardianship, the minor has the right to: (1) a qualified guardian who acts in the best interest of the minor. . . .").

It is not necessary to determine Oliver's competency[5] because he is not a lawyer enrolled in this Court's bar. And "[a] non-attorney parent generally must be represented by counsel in bringing an action on behalf of his or her child, for an infant is always a ward of every court wherein his or her rights or property are brought into jeopardy, and is entitled to most jealous care that no injustice be done to the child." 43 C.J.S. *Infants* § 327 (citing *Wenger v. Canastota Cent. Sch. Dist.*, 146 F.3d 123, 124 (2d Cir. 1998) ("in federal court a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child."), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 531 (2007) (parents can represent only themselves, but not their children, in Individuals with Disabilities Education Act case),[6] and *Johns*

---

[5] He evidently is not the custodial parent, the Court has not heard from Destiny's mother, and there is some case law indicating that financial wherewithal to competently litigate is a factor, *Marquette Prison Warden v. Meadows*, 318 N.W.2d 627 (Mich. App. 1982), and Oliver swears he is indigent.

[6] One court recently explained the "*Winkelman* distinction":

*v. County of San Diego*, 114 F.3d 874 (9th Cir. 1997)); *see also Bethel v. Middletown City School Dist.*, 2011 WL 2038597 at * 1 (S.D. Ohio Apr. 21, 2011) (parents could not represent their children in a 42 U.S.C. § 1983 action); *Nicholson v. Balance*, 2011 WL 1402865 at * 3 n. 3 (W.D. La. Apr. 12, 2011) (father could not represent his children in a § 1983 action).

Courts will not allow non-attorney parents to "bring a *pro se* action on their child's behalf -- because it helps to ensure that children rightfully entitled to legal relief are not deprived of their day in court by unskilled, if caring, parents." *Devine v. Indian River County School Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *quoted in M.W. ex rel. Wang v. Clarke County School Dist.*, 2008 WL 4449591 at * 7 n. 15 (M.D. Ga. Sep. 29,

---

It is clear from the Federal Rules that parents may sue or defend on behalf of a minor, but the Rules do not state that a parent may act as legal counsel for their child. *See* Fed. R. Civ. P. 17(c)(1). Therefore, this Court holds that as a general matter parents may not represent *pro se* any interests that exclusively belong to their child under the [Individuals with Disabilities in Education Act (IDEA)], but that parents may represent themselves pro se to vindicate any rights that have been granted to them under the IDEA.

*Dunn-Fischer v. District School Bd. of Collier County*, 2011 WL 1085036 at * 2 (M.D. Fla. Mar. 21, 2011); *see also id.* at * 2 ("Similarly, the Court also notes that a parent may not represent their child *pro se* in Plaintiff's remaining Counts, including Plaintiff's claims under Rehabilitation Act, ADA, [42 U.S.C. §] 1983, and pendent state claims").

2008).[7] And "Rule 17(c) is unavailing; it permits authorized representatives, including parents, to sue on behalf of minors, but does not confer any right upon such representatives to serve as legal counsel." *Devine*, 121 F.3d at 581; *see also* Local Rule 17.1(b) (contemplating, that, in the settlement of cases involving minors, "such person's attorney shall file with the Clerk" specific information enabling judicial oversight). It follows that Oliver, who provides no indication whether he has sought to obtain the services of an attorney, cannot bring this action on Destiny's behalf.

Accordingly, the Court **GRANTS** Anthony Allen Oliver's IFP motion, doc. 2, but his case should be **DISMISSED WITHOUT PREJUDICE**. His "summons" motion, doc. 4, is **DENIED** as moot.

---

[7] This case is an illustrative example of *Devine's* "unskilled parent" rationale. Oliver evidently does not grasp the "state action" element for § 1983 claims. *See supra* n. 2. And there is a malpractice-affidavit filing prerequisite for Georgia medical malpractice claims. *See Waithe v. Arrowhead Clinic, Inc.*, 2011 WL 565615 at * 2 (S.D. Ga. Jan. 12, 2011); O.C.G.A. § 9-11-9.1. While this Court has held that the prerequisite does not apply in federal court, *Yarbrough v. Actavis Totowa, LLC*, 2010 WL 3604674 at * 6 (S.D. Ga. 2010), cited in 19 WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 4511 (*The Erie Doctrine and Matters Not Directly Covered by the Civil Rules*) (2011), no federal appellate court has resolved the issue, so nothing prevents that defense from being relitigated in a case like this.

**SO REPORTED AND RECOMMENDED** this <u>13th</u> day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA